UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BONNIE C. BARGER, | : | Case No. 1:07-cv-381 |
| | : | |
| Plaintiff, | : | Judge Sandra S. Beckwith |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND NOT SUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) JUDGMENT BE ENTERED IN FAVOR OF PLAINTIFF AWARDING BENEFITS; AND (3) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding Plaintiff "not disabled" and therefore unentitled to disability insurance benefits ("DIB") and supplemental security income ("SSI"). (*See* Administrative Transcript ("Tr.") (Tr. at 31-32) (ALJ's decision)).

**I.**

On March 28, 2001, Plaintiff filed an application for DIB and SSI, alleging a disability onset date of July 15, 2000, due to arthritis, diabetes, depression, and fatigue from her numerous medications and her depression. (Tr. 63). Plaintiff was last insured for Social Security disability benefits on December 31, 2005. (Tr. 68-69, 474-475).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Upon denial of her claims at the state agency level, Plaintiff requested a hearing *de novo* before an ALJ. (Tr. 17). A hearing was held on February 7, 2003, at which the Plaintiff was found not disabled. (*Id.*) Plaintiff appealed the decision to the Appeals Council on March 7, 2003. (*Id.*) The Appeals Council vacated the hearing decision, and remanded the case for resolution of the claimant's mental impairment, medical opinions, residual functional capacity, physical capabilities and the testimony of the vocational expert. (*Id.*) Plaintiff was also offered the opportunity for a new hearing. (*Id.*)

On October 24, 2006, Plaintiff appeared with counsel and testified at a new hearing before an ALJ. (Tr. 17). A vocational expert, Ms. Janet Rogers, and medical expert, Dr. John Kincaid, were also present at the second hearing and testified. (*Id.*) On January 8, 2007, the ALJ entered his decision finding Plaintiff not disabled. (Tr. 18).

Plaintiff was 51 years old at the time of the ALJ denial decision and a high school graduate. (Tr. 18). Plaintiff's past work experience includes administrative assistant, records administrator, general office clerk ,and cashier/clerk. (*Id.*)

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through December 31, 2005.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's depression, and her diabetes mellitus with neuropathy and left leg deep valvular dysfunction until late 2003 or 2004, are considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the residual functional capacities set forth in the body of this Decision.

7. The claimant is unable to perform any of her past relevant work (20 CFR §§ 404.1565 and 416.965).

8. The claimant was a "younger individual" from July 25, 2000, through February 11, 2005. She is an individual closely approaching advanced age from February 12, 2005, through the date of this decision (20 CFR §§ 404.1563 and 416.963).

9. The claimant has a "high school (or high school equivalent) education" (20 CFR §§ 404.1564 and 416.964).

10. The claimant has no transferable skills from any past relevant work (20 CFR §§ 404.1568 and 416.968).

11. The claimant has the residual functional capacity to perform a significant range of sedentary work (20 CFR §§ 404.1567 and 416.967).

12. Although the claimant's exertional limitations do not allow her to perform the full range of sedentary work, using Medical-Vocational Rule 201.21 as a framework for decision-making, there were a significant number of jobs in the national economy that she could have performed from July 25, 2000, through late 2003 or 2004. Using Medical-Vocational Rule 204.00 as a framework for decision-making, there are a significant number of jobs in the national economy she can perform from late 2003 or 2004 through the date of this decision. Examples of such jobs are included in the body of this decision.

    13.    The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).

(Tr. 30-31).

In summary, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations and was therefore not entitled to SSI or DIB. (Tr. 18).

On appeal, Plaintiff argues that: (1) the ALJ erred in failing to consider the side-effects from Plaintiff's medications and depression; (2) the ALJ erred in failing to assess Plaintiff's mental impairments; (3) the ALJ erred in failing to give significant weight to Plaintiff's longtime treating doctors; (4) the ALJ erred in assessing the credibility and subjective complaints of Plaintiff; and (5) the ALJ erred in considering improper hypotheticals of the vocational expert. Upon careful review, the undersigned finds Plaintiff's first, second and third assignments of error to be well-taken and dispositive, and, accordingly, hereby recommends that judgment be entered in favor of Plaintiff awarding benefits.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that

finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The claimant bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, he must present sufficient evidence to show that, during the relevant time period, he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**A.**

For her first assignment of error, Plaintiff maintains that the ALJ erred in failing to consider the side-effects from her medications and depression.

The ALJ must consider the side-effects of medications in determining disability. 20 C.F.R. § 404.1529 (c)(3)(iv); Social Security Ruling 96-7p (1996); *see also Erickson v. Shalala*, 9 F.3d 813, 817 (9th Cir. 1993) ("the ALJ must consider all factors that might have a significant impact on an individual's ability to work"). In many disability cases, the cause of the disability is not necessarily the underlying condition itself, but rather the symptoms associated with the condition. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234,

247 (6th Cir. 2007).

The ALJ erred when he failed to consider the side-effects of Plaintiff's medications, fatigue and drowsiness. "Fatigue is a subjective symptom that the ALJ must consider." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996); *see also Lozano v. Astrue*, No. 06-15935, 2008 U.S. App. LEXIS 7305, at *3 (9th Cir. Mar. 26, 2008) (remanding to allow the ALJ to either incorporate fatigue into his RFC assessment or explicitly explain his reasons for declining to do so).

First, the ALJ erred when he gave significant weight to Dr. John C. Kincaid, the medical advisor in this case. Dr. Kincaid reviewed the evidence, listened to Plaintiff's testimony and testified by telephone as a medical expert, but he never actually examined Plaintiff. (Tr. 801-812). Dr. Kincaid testified that the amount of fatigue and frequent sleeping that Plaintiff described was "above and beyond" what he would attribute to Plaintiff's medications, either individually or in combination. (Tr. 810). However, Dr. Kincaid acknowledged that several medications Plaintiff was taking -- Verapamil, Topomax, and Loratidine -- can cause fatigue and drowsiness. (Tr. 809). Dr. Kincaid also stated that he is not a sleep expert and noted that each patient has a unique chemistry. (Tr. 808-810). It is also important to note that Dr. Kincaid is a neurologist and not a psychiatrist, and, therefore, he did not consider Plaintiff's depression in his assessment. (Tr. 803, 809). Furthermore, Dr. Kincaid does not expressly state that Plaintiff is limited in her ability to work due to fatigue and drowsiness, and his testimony does not discount the severity of her fatigue as noted by other practitioners.

Second, the ALJ erred when he discounted Plaintiff's complaints of fatigue by pointing out that Plaintiff watches television between 30 minutes and two hours a day. (Tr. 27). Watching television does not support the ability to do sedentary work, much less light work. *Balsamo v. Chater*, 142 F.3d 75, 81 (2nd Cir. 1998).

Finally, the ALJ erroneously claimed that he did not see evidence of Plaintiff's fatigue until January 2004. (Tr. 27). This is an outright misstatement of the evidence. The record is replete with instances of fatigue prior to January 2004. For example, on June 28, 2000, shortly before the onset date of disability, Plaintiff complained of increased fatigue to her doctor. (Tr. 173). In September 2000, Plaintiff noted that Paxil made her fatigued and therefore she stopped taking it. (Tr. 177). In March 2001, Plaintiff noted that an increase in her medications made her tired. (Tr. 185). In April 2001, Nancy Ford, Plaintiff's mental health therapist, noted that Plaintiff was easily fatigued and fell asleep when talking. (Tr. 301-302). Dr. Regina Kohls noted fatigue in July 2001. (Tr. 356, 668). Even a reviewing Social Security doctor, Dr. Steven Meyer, reported fatigue in July 2001. (Tr. 311). Additionally, Dr. Melissa Schroer noted fatigue as a factor which prevented Plaintiff from working in January 2003. (Tr. 404).

Accordingly, as reflected by the objective medical evidence throughout the record, Plaintiff has had fatigue since at least 2000, which has a profound effect on her ability to work. The ALJ's failure to consider Plaintiff's history of chronic fatigue was clear error.

**B.**

For her second assignment of error, Plaintiff maintains that the ALJ erred in failing to assess Plaintiff's mental impairments. Although the ALJ found that Plaintiff suffered from depression, he erred when he found that her depression only placed limitations on the detail of work she was able to perform. (Tr. 31).

Here, the record reflects that:

In 1982 Plaintiff was diagnosed and treated for depression. (Tr. 121).

In April and May 2000, Plaintiff requested a letter for leave from work from her family physician because her mother was diagnosed with terminal cancer. (Tr. 165-167). Plaintiff also asked for medication for her nerves. (*Id.*) Dr. Melissa Schroer noted that Plaintiff requested leave from work due to personal medical problems and "extreme emotional distress." (Tr. 169).

In June 2000, Plaintiff reported that her mother died and she was depressed. (Tr. 170). In January and February 2001, Plaintiff indicated that she had family problems and Dr. Schroer prescribed medication for depression. (Tr. 182-184). Dr. Schroer subsequently noted that Plaintiff was seeing a psychiatrist, Dr. Murthy, and a counselor, Nancy Ford. (Tr. 185).

In April 2001, Kode Murthy, M.D., Plaintiff's psychiatrist, completed a state agency questionnaire. (Tr. 296-297). Dr. Murthy reported that Plaintiff had depressed mood, blunted affect, mild to moderate signs and symptoms of anxiety, and poor reaction to pressure in work settings. (Tr. 296-297). Dr. Murthy noted that Plaintiff's treatment

consisted of Prozac and weekly therapy. (Tr. 297). Dr. Murthy opined that Plaintiff's ability to perform work related activities was affected to a moderate degree, and he described her deficiencies in social interaction and adaption as less than adequate. (Tr. 297).

Also in April 2001, Nancy Ford, M.Ed., Plaintiff's mental health therapist, completed a state agency questionnaire regarding the effect of Plaintiff's disorder on her ability to function. (Tr. 200-204). Therapist Ford reported that Plaintiff could not finish errands without resting, and that she had low energy, problems sleeping, difficulty completing tasks and concentrating, was easily fatigued, and required assistance from others. (Tr. 301-303).

In October 2001, Therapist Ford completed another state agency questionnaire and assessment form. (Tr. 330-336).[2] Therapist Ford opined that Plaintiff had extreme limitations, including inability to handle ordinary stress and pressure associated with work activities, poor social interaction and adaption, poor understanding and memory, poor ability to maintain attention and concentration and persist at work-like tasks, and poor ability to understand, remember and carry out complex job instructions. (Tr. 332, 334-335). Therapist Ford opined that Plaintiff was unable to work on a full-time basis due to fatigue caused by the side effects of her medication and physical problems. (Tr. 332, 334).

In January 2003, Dr. Schroer completed a "Job and Family Services" form indicating that Plaintiff was unable to work indefinitely as of January 21, 2003. (Tr. 404).

---

[2] Dr. Murthy co-signed the assessment. (Tr. 336).

In August 2004, Plaintiff sought treatment at Greater Cincinnati Behavioral Health. (Tr. 569-577). Plaintiff reported symptoms of depression, poor energy, and fatigue. (Tr. 570, 576). Plaintiff was diagnosed with major depressive disorder, recurrent in partial remission and had a GAF rating of 50.[3] (Tr. 570, 576).

In November 2004, Dr. Murthy, Plaintiff's treating psychiatrist for three years, found that Plaintiff was significantly limited in her ability to concentrate and was therefore unemployable. (Tr. 349-352, 547).

Through 2005, Dr. Schroer provided primary care treatment for Plaintiff. (Tr. 713-763). On May 9, 2006, Dr. Schroer stated that Plaintiff had increased drowsiness and could not work for longer than two hours without taking a nap. (Tr. 668). Additionally, Dr. Schroer noted that despite medication trials, Plaintiff continued to exhibit the side effect of excessive daytime drowsiness. (Tr. 668).

The ALJ did not give the assessments of Plaintiff's primary care physician or treating psychiatrist significant weight, although he was required to do so pursuant to 20 C.F.R. § 404.1527(d) and Social Security Ruling 96-2p (1996). Accordingly, upon careful review, the undersigned finds that the ALJ's nondisability finding is not supported by substantial evidence.

---

[3] A GAF rating between 41 and 50 indicates "[s]erious symptoms (e.g., suicidal ideation...) or any serious impairment in social, occupational, or school functioning (e.g., ...unable to keep a job)." American Psychiatric Assoc., Diagnostic & Statistical Manual of Mental Disorders at 34 (Text Rev. 4th ed. 2000).

## C.

For her third assignment of error, Plaintiff claims that the ALJ erred in failing to give significant weight to Plaintiff's longtime treating doctors. The undersigned agrees.

It is well established that the findings and opinions of treating physicians are entitled to substantial weight. "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530-31 (6th Cir. 1997); s*ee also Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985) ("The medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference."); *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984); *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1054 (6th Cir. 1983). Likewise, a treating physician's opinion is entitled to weight substantially greater than that of a non-examining medical advisor. *Harris*, 756 F.2d at 435 (if not contradicted by substantial evidence, a treating physician's medical opinions and diagnoses are afforded complete deference). If a treating physician's "opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case," the opinion is entitled to controlling weight. 20 C.F.R. § 1527(d)(2); *see also Walters*, 127 F.3d at 530.

The Social Security regulations recognize the importance of longevity of treatment, providing that treating physicians:

> "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."

20 C.F.R. § 404.1527(d)(2). In weighing the various opinions and medical evidence, the ALJ must consider other pertinent factors such as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's supportability by evidence, and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Furthermore, the ALJ's explanation "must be sufficiently specific to make clear to any subsequent reviews the weight the adjudication gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. 96-2p, 1996 SSR LEXIS 9. When an ALJ fails to follow these procedural rules, courts will reverse and remand unless the error is harmless. *Wilson*, 378 F.3d at 547.

Here, the record reflects:

The ALJ gave significant weight to Dr. Kincaid and some weight to Dr. Bailey, who performed consultative exams on Plaintiff at the request of the state agency. (Tr. 24-26). However, the ALJ gave little weight to Plaintiff's longtime treating physicians. (*Id.*) Dr. Schroer and Dr. Murthy, Plaintiff's treating physicians, are entitled to the most weight pursuant to Social Security Ruling 96-2p (1996). The ALJ erred as a matter of law when

-12-

he did not give Plaintiff's treating physicians the most weight in the record.

Further, the ALJ gave significant weight to Dr. Regina Kohls, a family physician, and Dr. Joanne Lohr, a general and vascular surgeon, but failed to adopt their findings that Plaintiff was limited to sedentary work. (Tr. 25). At age 50, if Plaintiff is limited to sedentary work, she qualifies as being disabled.[4] In fact, a limitation to standing or walking for two hours a day, even if Plaintiff were able to lift 10-20 pounds, is sedentary work. *Krupa v. Comm'r*, 366 F.Supp. 2d 513, 517-518 (E.D. Mich. 2005). Therefore, since Plaintiff was limited to sedentary work, the ALJ erred when he failed to find that Plaintiff was disabled. Accordingly, the undersigned finds that the ALJ improperly weighed the medical evidence by failing to give controlling weight to Dr. Schroer and Dr. Murthy's opinions. The consultative physicians' assessments do not constitute *substantial evidence* so as to overcome the properly supported opinions of physicians who treated Plaintiff over a period of years. *Lashley*, 709 F.2d at 1054.

## III.

When, as here, the nondisability determination is not supported by substantial evidence, the Court must decide whether to reverse and remand the matter for rehearing or to reverse and order benefits granted.

The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).

---

[4] A finding of disability is <u>required</u> by rule, *see* 20 C.F.R. pt. 404, Subpt. P, app. 2, tbl no. 1, rule 201.14, if, as here, the claimant is in the category of approaching advanced age, which is defined as ages 50 to 54. 20 C.F.R., pt. 404, subpt. P, app. 2, § 201.00(g).

Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher*, 17 F.3d at 176; *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

The Court may award benefits where the proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky*, 35 F.3d at 1041; *Mowery v. Heckler*, 772 F.2d 966, 973 (6th Cir. 1985).  Such is the case here.

Here, proof of disability <u>is</u> overwhelming and remand will serve no purpose other than delay.  As fully recited herein, in view of Plaintiff's medical history and her credible assertions of disabling conditions, as well as the extensive medical record of evidence of disability, and the credible opinions of the treating physicians Drs. Schroer and Murthy, proof of Plaintiff's disability is overwhelming.  In view of the opinions of Plaintiff's treating physicians, the multiple findings that Plaintiff is limited to sedentary work, and Plaintiff's assertions of disabling conditions, there exists substantial evidence of Plaintiff's disability and the opposing evidence is lacking in substance.

**IV.**

Based upon the foregoing, the undersigned concludes that reversal and remand for an award of benefits is appropriate in this matter because there is insufficient evidence to support the ALJ's decision.

**IT IS THEREFORE RECOMMENDED THAT:**

The decision of the Commissioner, that Plaintiff was not entitled to disability insurance benefits and supplemental security income beginning on July 15, 2000, should be found **NOT SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **REVERSED**; that this matter should be **REMANDED** to the ALJ for an immediate award of benefits; and, as no further matters remain pending for the Court's review, this case should be **CLOSED.**

Date:  August 13, 2008                    s/ Timothy S. Black
                                          Timothy S. Black
                                          United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BONNIE C. BARGER, | : | Case No. 1:07-cv-381 |
| | : | |
| Plaintiff, | : | Judge Sandra S. Beckwith |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN (10) DAYS** after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections within **TEN (10) DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).