UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BONNIE C. BARGER,                    Case No. 1:07-cv-381

     Plaintiff,                    Judge Sandra S. Beckwith
                                    Magistrate Judge Timothy S. Black
vs.

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

**REPORT AND RECOMMENDATION[1] THAT THE UNOPPOSED MOTION FOR FEES BY PLAINTIFF'S COUNSEL (Doc. 26) BE GRANTED, AND THAT COUNSEL THEREFORE BE AWARDED HIS REQUESTED $ 7,257.00 IN FEES**


This is a Social Security disability benefits appeal for which the Court, acting

pursuant to sentence four of 42 U.S.C. § 405(g), reversed the non-disability finding of the

Administrative Law Judge ("ALJ"), and ordered a remand to the ALJ for further

proceedings. (Docs. 13, 16). Now before the Court is a motion by Plaintiff's counsel for

a contingency fee award.[2] (Doc. 26). The motion, which remains unopposed by the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Plaintiff submitted two motions for attorneys' fees. (Docs. 21, 26). Plaintiff's counsel is entitled to attorneys' fees both pursuant to the EAJA and 42 U.S.C. § 406(b)(1)(A). *Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989). Plaintiff's counsel has already been awarded fees pursuant to Section 406. (*See* Docs. 23, 24). This Court previously awarded EAJA fees in the amount of $4,800 to the Plaintiff (Doc. 24), and counsel represents that this money has been paid to Ms. Barger. (Doc. 26 at 4). *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (if an attorney is awarded fees pursuant to both statutes, that attorney must "[r]efund the amount of the smaller fee to the client.").

Commissioner, is premised upon 42 U.S.C. § 406(b)(1)(A).[3] *See Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*).

## I.

Plaintiff entered into a fee agreement authorizing a 12 and 1/2 % contingency fee to attorney Marvin Barsman (who represented Plaintiff at the administrative level) and 12 and 1/2 % contingency fee to attorney James Roy Williams. (Doc. 26 at 8). Acting pursuant to § 406(b)(1)(A), the Commissioner has withheld 25% of Plaintiff's benefit monies, or $ 14,514.75, as a potential contingency fee to be awarded to Plaintiff's counsel. (Doc. 26 at 7).

While an agreement between an attorney and client which provides for a 25% contingent fee is given a presumption of reasonableness, the agreement is not binding on the Court. *See Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989) (en banc). The Court must ultimately determine what is reasonable and has discretion to award less than

---

[3] Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

the fee provided in an agreement. In *Rodriquez,* the Sixth Circuit established a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless (1) the attorney engaged in improper conduct or was ineffective, or (2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort.

In the present case, there are no allegations of improper conduct or ineffectiveness of counsel, nor any suggestion that counsel expended only minimal effort. Moreover, in light of counsel's experience in Social Security matters (*see* Doc. 26 at 3), it does not appear that the requested fee would result in an undeserved windfall.

## II.

It is therefore **RECOMMENDED** that the unopposed motion for § 406(b)(1)(A) fees (Doc. 26) be **GRANTED,** and that Plaintiff's counsel be **AWARDED** the requested $7,257.00 in fees.

Date: <u>April 9, 2010</u>      <u>s/ Timothy S. Black</u>
                Timothy S. Black
                United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BONNIE J. BARGER,                                  Case No. 1:07-cv-381

      Plaintiff,                                  Judge Sandra S. Beckwith
                                                   Magistrate Judge Timothy S. Black
vs.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **14 DAYS** after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within **14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 (1985).